**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1549

BECKLEY MECHANICAL, INCORPORATED, a West Virginia
corporation,

             Plaintiff - Appellant,

        v.

ERIE INSURANCE PROPERTY & CASUALTY COMPANY,

             Defendant - Appellee.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge. (5:07-cv-00652)

Submitted: March 19, 2010          Decided: April 13, 2010

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick F. Holroyd, II, HOLROYD & YOST, Charleston, West
Virginia, for Appellant.   Matthew J. Perry, LAMP, O'DELL,
BARTRAM, LEVY & TRAUTWEIN, P.L.L.C., Huntington, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal from the district court's adverse grant of summary judgment and dismissal of an action seeking declaratory relief filed by Beckley Mechanical, Inc. ("Beckley") against its insurer, Erie Insurance Property & Casualty Co. ("Erie"). Beckley contends that the district court erred in its determination that a series of acts of embezzlement by an employee constituted "one occurrence" under the applicable insurance policy. We affirm the district court's grant of summary judgment.

The action arose out of a claim for proceeds from an insurance policy providing coverage for loss caused by employee dishonesty issued by Erie to Beckley, Policy No. Q44-6850015 ("the Policy"). Over a period of time, Suzanne Snyder, a bookkeeper employed by Beckley, falsified records to conceal approximately 293 checks she drafted to herself, embezzling $424,024. Snyder ultimately was charged with seven counts each of felony embezzlement and of falsifying records.

The Policy was in effect during the time of the embezzlement, and it provided for insurance coverage for employee dishonesty as follows:

11. **Employee Dishonesty.** We will pay for "loss" of "money", "securities", and business personal property and personal property of others . . . up to $10,000 per occurrence resulting from dishonest acts committed by any of your "employees" . . . . All loss caused by,

2

or involving, one or more "employees", whether the result of a single act or a series of acts, is considered one occurrence.

Erie maintained that Snyder's embezzlement constituted "one occurrence" and, consequently, paid out $10,000 on Beckley's claim under the Policy. Beckley filed suit, seeking a declaratory judgment and alleging that the multiple acts of embezzlement by Snyder constituted separate acts and separate occurrences, such that Erie was liable for payment for each unlawful draft. In granting Erie's motion for summary judgment, the district court specifically determined that, according to the plain and unambiguous language of the Policy, recovery was limited on claims arising from one employee's misconduct to the stated policy limit, and that the series of fraudulent checks drafted by Snyder constituted one occurrence for loss purposes.

This court reviews the district court's grant of summary judgment de novo. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004). An award of summary judgment is only appropriate when the summary judgment record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating a summary judgment issue, the evidence of record must be viewed in the

3

light most favorable to the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A mere scintilla of proof, however, will not bar a summary judgment award; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it."  Id. at 251 (internal quotation marks omitted).  Where "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case, with respect to which [it] has the burden of proof," the moving party is entitled to summary judgment.  Celotex Corp., 477 U.S. at 323 (citations omitted).

Under West Virginia law,[1] the court properly looks to the specific wording of the policy to determine whether the policy provides coverage for a particular claim of loss.  Keefer v. Ferrell, 655 S.E.2d 94, 99 (W. Va. 2007).  "Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public

---

[1] West Virginia substantive law applies to this declaratory judgment action, which was based on diversity of citizenship. See Erie R.R. v. Thompkins, 304 U.S. 64 (1938); First Fin. Ins. Co. v. Crossroads Lounge, Inc., 140 F. Supp. 2d 686, 694 (S.D. W. Va. 2001) ("Absent indication to the contrary, West Virginia law . . . govern[s] interpretation of the insurance policy at issue in [a] declaratory judgment action, where jurisdiction is based on diversity of citizenship.").

4

policy, the provisions will be applied and not construed." Id. (citations omitted).

As a preliminary matter, and contrary to Beckley's contention, review of the express language in the Policy at issue reveals no ambiguity, nor is it confusing or deceptive. The Policy clearly defines an occurrence as including a "series of acts" for purposes of the employee dishonesty provision, which definition is located on the same page and in the same size font as the language providing $10,000 "per occurrence." That Beckley does not agree to the construction of the contract does not render it ambiguous. See Pilling v. Nationwide Mut. Fire Ins. Co., 500 S.E.2d 870, 872 (W. Va. 1997).

Beckley claimed below, as it does on appeal, that each unlawful draft Snyder made should be considered a separate occurrence. Citing to Copier Word Processing Supply, Inc. v. WesBanco Bank, Inc., 640 S.E.2d 102 (W. Va. 2006), in which the Supreme Court of Appeals of West Virginia found that the conversion of multiple separate negotiable instruments did not amount to a continuing tort, Beckley asserts that the logic similarly applies in the present context such that multiple conversions cannot be considered a single occurrence under a policy of insurance. However, the district court properly noted the distinction under West Virginia law between the continuing tort theory for purposes of a statute of limitations analysis

5

and a "series of acts" under an insurance policy for purposes of coverage. See Auber v. Jellen, 469 S.E.2d 104, 108 (W. Va. 1996) (series of malpractice acts considered a series of separate acts such that they do not constitute a continuing tort for purposes of tolling applicable statute of limitations, yet still constitute a single occurrence under the language of insurance policy and for purposes of determining insurance coverage).

Nor is there any language in the Policy that ties the interpretation of "an occurrence" to whether such series of acts would constitute a continuing tort. As such, the Policy itself does not trigger an analysis under the continuing tort theory. Moreover, and most importantly, as the district court properly held, given that the language of the Policy is clear and unambiguous, there is no reason to look to the theory of continuing tort in order to interpret the Policy language.[2]

Accordingly, we affirm the district court's grant of summary judgment in favor of Erie, and its determination that,

---

[2] We also find to be without merit Beckley's argument that the fact that Snyder was charged with, pled guilty to, and was convicted and sentenced upon multiple counts of embezzlement establishes its position that Snyder's series of acts should be considered to be multiple occurrences under the Policy. The district court was correct in its determination that Snyder's criminal history is not relevant to its interpretation of the plain language of the Policy.

by payment of $10,000 to Beckley, Erie satisfied its obligation under the Policy relative to this action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED